# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:          Opinion No. O-5848

Re: Construction of Art. 7065h-13(d)
Vernon's Ann. Civ. Stat., and other
pertinent statutes with respect to
the notarial powers possessed by
authorized representatives of the
Comptroller.

Your letter requesting an opinion from this department
upon the above subject matter is as follows:

"Field representatives of this Department investi-
gate and verify the basic information contained in
thousands of claims filed for the refund of tax paid
on motor fuel used for non-highway purposes. The terri-
tory assigned to most of the investigators covers sever-
al counties. They frequently find it necessary because
of unintentional irregularities, to assist the claimant
in preparing new claims which the Motor Fuel Tax Law -
Art. 7065(b) Sec. 13(d), V.A.C.S. - requires in affida-
vit form. They also must take affidavits from employees
and associates of the claimant; from dealers in refund
motor fuel and their employees who issue invoices of ex-
emption to cover the refundable motor fuel, and from
transporters who deliver the motor fuel.

"Approximately 93% of the 246,000 refund claims
filed in the last fiscal year were filed by farmers and
ranchers. Thus most of the investigations made by Comp-
troller representatives occur on farms and ranches many
miles distant from a notary public and the investigator
must ask the claimant, or other persons from whom affi-
davits are desired, to leave their work and drive into
the office of a Notary Public which not only involves
loss of time but causes additional mileage and travel
expense.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

207

Honorable Geo. H. Sheppard - page 2

"Section 24 of the Motor Fuel Tax Law contains
the following provision: 'The Comptroller, or any
duly authorized representative under the direction
of the Comptroller, shall, for the purpose contem-
plated by this Article, have the power to issue sub-
poenas, compel the attendance of witnesses, adminis-
ter oaths, certify to official acts, take depositions
within or without the State of Texas, as now provided
by law, and compel the production of pertinent books,
accounts, records, and documents.' The said Section
24 further describes the procedure to follow in com-
plying with the above provision and contains the fol-
lowing provision: 'The Comptroller may, if neces-
sary to enforce the provisions of this Section, re-
quire such number of his representatives as he deems
necessary to enforce the provisions hereof to sub-
scribe to the constitutional oath of office, a record
of which shall be filed in the office of the Comptrol-
ler.'

"In order to save the unnecessary expense and
travel in locating and driving long distances to No-
tary Publics, the Comptroller desires to delegate
certain employees, whose duty it is to investigate
refund claims, and vest them with the power and
authority to administer oaths and take the acknow-
ledgments of refund claimants and other affiants
from whom it is necessary to take statements in af-
fidavit form in connection with the enforcement of
the motor fuel tax law. For this purpose, the Comp-
troller will delegate such power to the selected em-
ployees in writing and will require each such employee
to take the constitutional oath of an appointive offi-
cer in the manner directed in your Opinion No. O-322,
said instruments to be filed in the office of the
Comptroller. A copy of the proposed oath and filing
record is attached hereto.

"1. Will you please advise me whether an oath or
affirmation administered in connection with the adminis-
tration and enforcement of the motor fuel tax law by a
Comptroller employee, who has taken the constitutional
oath of office and has been delegated authority by the
Comptroller to administer oaths as described herein-
above, be a valid oath administered in the manner re-
quired by law, and by a person duly authorized to ad-
minister the same in the matter or cause in which such
oath or affirmation is taken, as is contemplated by

Honorable Geo. H. Shepperd - page 3

Article 304 of Vernon's Annotated Penal Code.

"2. If you answer the above question affirma-
tively, will you please advise me further whether
an oath administered by such employee in the manner
and under the conditions described in the preceding
paragraph in taking the acknowledgment of a refund
claimant in the execution of a refund claim will com-
ply with the requirements of Section 13(d) of said
motor fuel tax law which provides that a claimant for
refund of motor fuel tax shall 'file with the Comp-
troller an affidavit, on such form as may be pre-
scribed by the Comptroller'?

Section 24 of Article 7065b cited by you expressly
provides that:

"The Comptroller, or any duly authorized repre-
sentative under the direction of the Comptroller,
shall for the purpose contemplated by this Article
have power to issue subpoenas, compel the attend-
ance of witnesses, administer oaths, certify to of-
ficial acts, take depositions within or without the
State of Texas, as now provided by law, and compel
the production of pertinent books, accounts, records
and documents. * * *"

The power to administer oaths and to certify such
oaths or affidavits is not peculiar to notaries public or
clerks of the various courts, but on the other hand, there
are numerous instances in our statute wherein other officers
or representatives are clothed with such power. The grant-
ing of such power is essentially a legislative prerogative --
there being no constitutional provision limiting such power.

Article 304 of the Penal Code, also cited by you,
is as follows:

"The oath or affirmation must be administered in
the manner required by law, and by some person duly
authorized to administer the same in the matter or
cause in which such oath or affirmation is taken."

This requirement is pertinent to a prosecution for
perjury.

Honorable Geo. H. Sheppard - page 4


Since, as we have shown, your legally qualified and designated representative is discharging the official duties required of him under the statute above quoted, the oath or affirmation administered by him is "in the manner required by law", and by a "person duly authorized to administer the same."

It follows that both of your questions should be answered in the affirmative.


Very truly yours

ATTORNEY GENERAL OF TEXAS

By            Ocie Speer
                               Assistant

OS-MR

APPROVED
OPINION
COMMITTEE
BY